UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

FILED
RICHARD W. NAGEL
CLERK OF COURT

2015 JUN -3 PM 3: 47

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| William Crigler, Individually and on Behalf of All Other Persons Similarly Situated, ) ) ) | Civil Action No.: |
| Plaintiff, ) ) | 2:15 CV 2324 |
| v. ) ) | COLLECTIVE/CLASS ACTION COMPLAINT |
| Stingray Pressure Pumping, LLC ) ) | JURY TRIAL DEMANDED |
| Defendant. ) ) | |

Judge Sargus

INTRODUCTION MAGISTRATE JUDGE KEMP

Plaintiff William Crigler ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, files this Collective Action Complaint (the "Complaint") against Defendant Stingray Pressure Pumping, LLC (the "Defendant"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§201 *et seq.*, the Ohio Minimum Fair Wage Standards Act, R.C. 4111.03 ("OMFWSA"), *et seq.*, and the Article II, Section 34a *et. seq* of the Ohio Constitution, and R.C. 4111.14 (collectively referred to as "Section 34a."). The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made upon information and belief as to the acts of others.

NATURE OF THE ACTION

1.       Plaintiff alleges, on behalf of himself and other current and former employees as well as those similarly situated current and former employees holding comparable positions but different titles, including Field Operators (collectively "Operators") employed by Stingray Pressure Pumping in the United States, who elect to opt into this action pursuant to the Fair

Labor Standards Act, 29 U.S.C. § 216(b) (hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*

      2.      Plaintiff also brings this action under the OMFWSA pursuant to FED. R. CIV. P. 23 on behalf of all Operators and other individuals paid by the same compensation method holding comparable positions but different titles employed by Defendant within the State of Ohio at any time during the two years prior to the filing of this action and the date of final judgment in this action (the "OMFSWA Class"). Defendant violated the OMFSWA by failing to pay Operators for all hours worked, failing to pay Operators overtime on a timely basis, and failing to pay Operators the legally required amount of overtime compensation required by law for all hours worked over 40 in a workweek. Plaintiff and the OMFSWA Class are entitled to unpaid wages from Defendant for all hours worked by them as well as unpaid overtime wages for hours worked above 40 in a workweek, and are also entitled to liquidated damages pursuant to the OMFSWA.

      3.      Plaintiff also brings this action under the Section 34a pursuant to FED. R. CIV. P. 23 on behalf of all Operators and other individuals paid by the same compensation method holding comparable positions but different titles employed by Defendant within the State of Ohio at any time during the three years prior to the filing of this action and the date of final judgment in this action (the "Section 34a Class"). Defendant violated Section 34a by failing maintain a record of the hours worked for Operators. The Section 34a Class and OMFSWA Classes are collectively referred to as the Ohio State Law Classes.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and this Court's Federal Question Jurisdiction, 28 U.S.C. § 1331.

5.     This Court has jurisdiction over Plaintiff's OMFWSA and Section 34a claims pursuant to 28 U.S.C. § 1332(d).

6.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

7.     Upon information and belief, Stingray Pressure Pumping, LLC is headquartered in, and regularly conducts business in, this district.

8.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

9.     Plaintiff is an individual residing in Mt. Morris, Pennsylvania.

10.     During all relevant times, Plaintiff was employed by Defendant, including from October 2012 through June 2013, in and around St. Clairsville, Ohio.

11.     Plaintiff worked in excess of 40 hours per workweek, without receiving overtime compensation as required by federal law and state law.

12.     Defendant Stingray Pressure Pumping LLC is a Ohio Limited Liability Company, with its headquarters at 66680 Executive Drive, St. Clairsville, Ohio 43950.

13.     At all times relevant herein, Stingray Pressure Pumping has been an employer within the meaning of Section 3(d) of the FLSA. 29 U.S.C. § 203(d).

14.     At all times relevant herein, Stingray Pressure Pumping has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section

3(s)(1) of the FLSA because it has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1). Further, Stingray Pressure Pumping has had, and has a gross volume of sales made or business done of at least $500,000.

15.     At all times relevant herein, Plaintiff and all similarly situated Operators were engaged in commerce or in production of goods for commerce as required by 29 U.S.C. §§ 206-207.

16.     Stingray Pressure Pumping issued paychecks to Plaintiff and all similarly situated employees during their employment.

17.      Stingray Pressure Pumping directed the work of Plaintiff and similarly situated employees, and benefited from work performed that Stingray Pressure Pumping suffered or permitted from them.

18.     Plaintiff and similarly situated employees worked in excess of 40 hours per workweek, without receiving overtime compensation as required by the FLSA.

19.     Pursuant to Stingray Pressure Pumping's policy, pattern and/or practice, Stingray Pressure Pumping did not pay Plaintiff and other similarly situated employees proper overtime wages for hours they worked for Stingray Pressure Pumping's benefit in excess of 40 hours in a workweek.

### FACTUAL ALLEGATIONS

20.     Stingray Pressure Pumping employed Plaintiff, and the Collective/Class Action Members, as Operators.

21.    Stingray Pressure Pumping maintains control, oversight, and discretion over the operations of worksites, including employment practices with respect to Plaintiff, and the Collective Action Members.

22.    Plaintiff and the Collective/Class Action Members' work as Operators was performed in the normal course of Stingray Pressure Pumping's business and was integrated into it.

23.    Consistent with Stingray Pressure Pumping's policy, pattern, and/or practice, Plaintiff and the Collective/Class Action Members regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA and Ohio law.

24.    Plaintiff and the Collective Action Members regularly worked in excess of 40 hours per workweek without receiving from Stingray Pressure Pumping the legally required amount of overtime compensation as required by the FLSA and Ohio law. Specifically, Plaintiff worked over 90 hours per week during his on weeks, and was not paid overtime.

25.    Plaintiff believes that discovery will enable him to estimate his unpaid overtime hours with more precision.  The precise number of hours Plaintiff and the Collective Action Members worked can be ascertained from Stingray Pressure Pumping's records.

26.    Stingray Pressure Pumping is aware of the totality of work that Plaintiff and the Collective/Class Action Members have performed.

27.    This work did not require managerial responsibilities, or the exercise of meaningful decision-making on matters of significance that impact the business.

28.    Throughout the relevant time periods, the primary job duties of Plaintiff and the Collective/Class Action Members did not include: hiring, firing, disciplining, or directing the work of other employees, nor exercising meaningful independent judgment and discretion.

5

Indeed, Plaintiff and the Collective/Class Action Members did not even supervise any employees.

29. Throughout the relevant time period, Plaintiff and the Collective/Class Action Members drove and loaded vehicles weighing less than 10,000 lbs., such as pick-up trucks that did not require hazardous materials placarding.

30. Stingray Pressure Pumping's failure to comply with the FLSA and Ohio law caused Plaintiff and the Collective Action Members to suffer lost wages and interest therein.

31. All acts or omissions described in this Complaint were made by Stingray Pressure Pumping directly or through its supervisory employees and agents.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the Collective Action Members, as defined above. Plaintiff consents in writing to pursue his FLSA claim, and his written consent is attached hereto as Exhibit A.

33. Plaintiff desires to pursue his FLSA claims on behalf of any individuals who opt in to this action pursuant to 29 U.S.C. § 216(b).

34. Plaintiff and the Collective Action Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Stingray Pressure Pumping's previously described common business policies and practices and, as a result of such policies and practices, were not paid the full and legally mandated overtime premium for hours worked over 40 during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Stingray Pressure Pumping's common compensation, timekeeping and payroll practices.

6

35.     Specifically, Stingray Pressure Pumping failed to pay the Collective Action Members the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the FLSA and the regulations promulgated thereunder, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

36.     Stingray Pressure Pumping violated the FLSA and the regulations promulgated thereunder, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104, because it failed to pay Plaintiff and the Collective Action Members at a rate of 1.5 times its regular hourly rate for hours worked in excess of 40 hours per week.

37.     The similarly situated employees are known to Stingray Pressure Pumping, are readily identifiable, and can be located through Stingray Pressure Pumping's records.  Stingray Pressure Pumping employs many Operators and other employees holding comparable positions but different titles throughout the United States who are compensated pursuant to Stingray Pressure Pumping's common policy regarding overtime compensation.  These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other means including email, and allowed to opt into it pursuant to U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

38.     There are many similarly situated current and former Operators who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to the Collective pursuant to 29 U.S.C. § 216(b).

## OHIO CLASS ACTION ALLEGATIONS

7

39. Plaintiff sues on his own behalf and on behalf of the Ohio State Law Classes as defined above, pursuant to FED. R. CIV. P. 23(a), (b)(2) and (b)(3).

40. Defendant violated the OMFWSA and Section 34a and the regulations promulgated thereunder by failing to pay proper overtime wages to Plaintiff and other putative members of the Ohio State Law Classes for all hours in which they worked over 40 in a given workweek and by failing to keep records of hours worked by Operators.

41. The Ohio State Law Classes are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, these similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records. Upon information and belief, there are at least 100 members of the Ohio State Law Classes.

42. There are questions of law and fact common to the members of the Ohio State Law Classes that predominate over any questions solely affecting the individual members of the Ohio State Law Classes.

43. The critical questions of law and fact common to Plaintiff and the Ohio State Law Classes that will materially advance the litigation is whether Defendant is required by the OMFWSA to pay Plaintiff and members of the Ohio State Law Classes at a rate of 1.5 times their regular hourly rate for hours worked overtime, and whether Defendant failed to keep records for all hours worked by Operators as required by Section 34a.

44. Other questions of law and fact common to the Ohio State Law Classes that will materially advance the litigation include, without limitation:

        a.    Whether Defendant employed Plaintiff and members of the Ohio State Law Classes within the meaning of the OMFWSA and Section 34a;

8

b. The nature and extent of the class-wide injury and the appropriate measure of damages for members of the Ohio State Law Classes when the employer fails in its duty to maintain time records;

c. Whether Defendant has a policy of misclassifying Operators as exempt from coverage of the overtime provisions of the OMFWSA;

d. Whether Defendant failed to pay Plaintiff and the Ohio Class the legally required amount of overtime compensation for hours worked in excess of 40 hours per workweek, in violation of the OMFWSA and the regulations promulgated thereunder including, by adoption, 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. § 778.104;

e. Whether Defendant can prove that its unlawful policies were implemented in good faith;

f. Whether Defendant is liable for all damages claimed by Plaintiff and members of the Ohio State Law Classes, including, without limitation, compensatory, punitive and statutory damages, interest, costs and disbursements, and attorneys' fees; and

g. Whether Defendant should be enjoined from continuing to violate the OMFWSA and Section 34a in the future.

45. Plaintiff's claims are typical of the claims of the members of the Ohio State Law Classes. Plaintiff has the same interests in this matter as all other members of the Ohio State Law Classes.

46. Plaintiff is an adequate class representative, is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

47. Class certification of Plaintiff OMFWSA and Section 34a claims are appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Ohio State Law Classes, making appropriate both declaratory and injunctive relief with respect to the Ohio State Law Classes as a whole. The members of the Ohio State Law Classes are entitled to injunctive relief to end Defendant's common and uniform policy and practice of denying the Ohio State Law Classes the wages to which they are entitled.

48. Class certification of Plaintiff's OMFWSA and Section 34a claims are also appropriate pursuant to FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Ohio State Law Classes predominate over questions affecting only individual members of the Ohio State Law Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

49. Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT

50. Plaintiff, on behalf of himself and all the Collective Action Members, re-alleges and incorporates by reference the preceding paragraphs.

51. At all relevant times, Defendant has been and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

52. At all relevant times, Stingray Pressure Pumping employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

10

53.     At all relevant times, Stingray Pressure Pumping had a policy and practice of willfully refusing to pay its Operators and all Collective Action Members the legally required amount of overtime compensation for all hours worked in excess of 40 hours per workweek, in violation of the FLSA.

54.     As a result of Stingray Pressure Pumping's willful failure to compensate Plaintiff and the Collective Action Members at a rate not less than 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, Stingray Pressure Pumping has violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

55.     Stingray Pressure Pumping's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

56.     Due to Stingray Pressure Pumping's FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Stingray Pressure Pumping their unpaid wages for the legally required amount of overtime compensation for all of the hours worked by them in excess of 40 in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION:**
**(OHIO MINIMUM FAIR WAGE STANDARDS ACT: UNPAID OVERTIME WAGES)**
**(Brought on Behalf of Plaintiff and All Members of the OMFWSA Class)**

57.     Plaintiff, on behalf of himself and all the Collective Action Members, re-alleges and incorporates by reference the preceding paragraphs.

58.     At all relevant times, Plaintiff and OMFWSA Class Members were employed by Defendant within the meaning of the OMFWSA, and Defendant was an employer within the meaning of OMFWSA.

59.     The overtime wage provisions of the OMFWSA and its supporting regulations apply to Defendant.

60.     Defendant willfully violated Plaintiff's rights and the rights of the Ohio Class by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half times their regular rate of pay for all hours worked by them in excess of 40 in a workweek in violation of the OMFWSA and its regulations.

61.     As a result of Defendant's willful violations of the OMFWSA, Plaintiff and the OMFWSA Class Members are entitled to recover from Defendant their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to the OMFWSA.

62.     Defendant's OMFWSA violations have caused Plaintiff and the Class irreparable harm for which there is no adequate remedy at law.

### THIRD CAUSE OF ACTION:
### (OHIO MINIMUM WAGE FAIR STANDARDS ACT:  FAILURE TO MAINTAIN RECORDS)
### (Brought on Behalf of Plaintiff and All Members of the Section 34a Class)

63.     Plaintiff, on behalf of himself and all the Collective Action Members, re-alleges and incorporates by reference the preceding paragraphs.

64.     Defendant failed to maintain records of the Section 34a Class members' hours worked for each day worked.

12

65. Defendants' Section 34a violations have caused irreparable harm for which there is no adequate remedy at law.

66. Defendant's failure to maintain such records violates Section 34a and entitled Plaintiff and members of the Section 34a Class to the remedies provided by that Section, as well as R.C. 4111.14.

## DEMAND FOR TRIAL BY JURY

67. The Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Collective Action Members are entitled to and pray for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. Certification of the Ohio State Law Classes as class actions pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff and his counsel to represent the members of the Ohio State Law Classes;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the OMFWSA, and Section 34a;

d. An injunction requiring Defendant to cease its unlawful practices under, and comply with, the OMFWSA, and Section 34a;

13

e.      An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay under the FLSA, and the OMFWSA, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

f.      An award of liquidated and/or punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216, and the OMFWSA;

g.      An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

h.      An award for each record-keeping violation;

i.      An award of prejudgment and post-judgment interest;

j.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

k.      Such other and further relief as this Court deems just and proper.

Respectfully Submitted and Affirmed By:

Dated _____         /s/ Andrew Baker, Esquire
Andrew Baker, Esquire
The Baker Law Group
50 W. Broad Street, Suite 1814
Columbus, OH 43215
Telephone: 614.228.1882
Telecopier: 614.228.1862
Electronic Mail:
andrew.baker@bakerlawgroup.net

Nicholas A. Migliaccio, Esquire *
Jason S. Rathod, Esquire *

14

WHTFIELD BRYSON & MASON LLP
1625 Massachusetts Avenue, N.W.
Suite 605
Washington, D.C. 20036
Direct Dial:   (202) 640-1164
Main:    (202) 429-2290
Fax:      (202) 429-2294
Electronic Mail:
nmigliaccio@wbmllp.com

D. Aaron Rihn, Esquire *
ROBERT PEIRCE & ASSOCIATES, P.C.
2500 Gulf Tower
707 Grant Street
Pittsburgh, PA 15219-1918
Telephone:     412-281-7229
Electronic Mail:
arihn@peircelaw.com

* To be admitted Pro Hac Vice

## NOTICE OF CONSENT

By my signature below, I consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act against Stingray Pressure Pumping, LLC, and any other entities or individuals who are determined to be employers under the Fair Labor Standards Act.  I hereby appoint Nicholas Migliaccio and Jason Rathod at Whitfield Bryson & Mason LLP, 1625 Massachusetts Ave. N.W., Suite 605, Washington, D.C. 20036 and D. Aaron Rihn and the lawyers at Robert Peirce & Associates, P.C., 2500 Gulf Tower, 707 Grant Street, Pittsburgh, PA 15219-1918, to represent me in this case.


William Crigler (May 13, 2015)
_____
Signature

William Crigler
_____
Printed Name


May 13, 2015
_____
Date