UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| William Crigler, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>                     Plaintiff,<br><br>v.<br><br>Stingray Pressure Pumping LLC<br><br>                     Defendant. | Case No.: 2:15-cv-2324<br>Chief Judge Edmund A. Sargus, Jr.<br>Magistrate Judge Chelsey M. Vascura |

**FINAL APPROVAL ORDER**

WHEREAS, Plaintiff William Crigler ("Plaintiff" or the "Class Representative") and Defendant Stingray Pressure Pumping LLC ("Defendant") entered into a settlement agreement (the "Settlement Agreement") on August 26, 2016, to settle this class action and collective action lawsuit (the "Class Action"); and,

WHEREAS, the Court entered an Order dated February 24, 2017 (the "Preliminary Approval Order"), preliminarily approving the parties' settlement consistent with the requirements of the Fair Labor Standards Act and Rule 23 of the Federal Rules of Civil Procedure, certifying a class for settlement purposes (the "Settlement Class") and ordering notice be sent to Settlement Class members providing Settlement Class members with an opportunity either to participate in the settlement, exclude themselves from the Settlement Class, or object to the proposed settlement; and,

WHEREAS, the Court held a settlement fairness hearing on August 11, 2017 to determine whether to give final approval to the proposed settlement; and,

1

WHEREAS, the Court makes the following combined findings of fact and conclusions of law in support of approval of the proposed settlement.

NOW, THEREFORE, based on the submissions of the parties, upon reviewing all prior proceedings, and on the evidence adduced at the settlement fairness hearing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.  Incorporation of Other Documents. This final order approving class settlement (the "Final Approval Order") incorporates herein the Settlement Agreement. Unless otherwise provided herein, all capitalized terms in this Final Approval Order shall have the same meaning as set forth in the Settlement Agreement.

2.  Jurisdiction. Because adequate notice has been disseminated and all Settlement Class members have been given the opportunity to opt-out of the Class Action, the Court has personal jurisdiction with respect to the claims of all Settlement Class members, except for those who have properly requested exclusion from this Class Action, who are identified on Exhibit A hereto. The Court has subject matter jurisdiction over the Class Action, including jurisdiction to approve the proposed settlement, grant final certification of the Settlement Class, and dismiss the Class Action with prejudice.

3.  Final Class Certification. The Settlement Class is certified for settlement purposes only, the Court finding that the Settlement Class satisfies all applicable requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 216(b) of the Fair Labor Standards Act ("FLSA"), and due process. The Settlement Class consists of those who affirmatively opted into the Class Action by filing consents to join the litigation with the Court by August 15, 2016 (the "Original Opt-Ins"), and current and former equipment operators and equipment operator trainees who worked for Defendant at any time from June 3, 2012 until February 24, 2017 and who had not

affirmatively opted into the Class Action as of August 15, 2016 (the "Eligible Class Members") (together, with the Original Opt-Ins, referred to herein as the "Settlement Class"). A collective action under Section 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, is certified consisting of all Settlement Class members.

4. Adequacy of Representation. Nicholas A. Migliaccio and Jason S. Rathod of Migliaccio & Rathod LLP, D. Aaron Rihn of Robert Peirce & Associates, P.C., Andrew S. Baker of Baker Law Group, and Gary E. Mason of Whitfield Bryson & Mason LLP as Class Counsel, with Migliaccio & Rathod as Lead Class Counsel, have fully and adequately represented the Settlement Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

5. Class Notice. The Court finds that the Class notices and their distribution to Settlement Class members have been implemented pursuant to the Settlement Agreement and this Court's Preliminary Approval Order and that they:

    a) constitute the best practicable notice to Settlement Class members under the circumstances of the Class Action;

    b) constitute notice that was reasonably calculated, under the circumstances, to apprise Settlement Class members of (i) the pendency of the Class Action; (ii) the terms and conditions of the settlement and their rights under the settlement; (iii) their right to exclude themselves from the Settlement Class and the proposed settlement; (iv) their right to object to any aspect of the proposed settlement (including final certification of the Settlement Class, the fairness, reasonableness and adequacy of the proposed settlement, the adequacy of the Settlement Class' representation by the Class Representative and Class Counsel, and/or the award of attorneys' fees and costs and the enhancement payment to the Class Representative, (v) their right to appear at the

settlement fairness hearing, either on their own behalf or through counsel hired at their own expense, if they did not exclude themselves from the Settlement Class, and (vi) the binding effect of the orders and judgment in the Class Action, whether favorable or unfavorable, on all persons who do not request exclusion from the Settlement Class;

      c)     constitute notice that was reasonable, adequate, and sufficient notice to all persons entitled to be provided with notice; and,

      d)     constitute notice that fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 216(b) of the FLSA and due process.

      6.     **Final Settlement Approval.** The terms and provisions of the Settlement Agreement have been entered into in good faith and are the product of arms-length negotiations by experienced counsel who have done a meaningful investigation of the claims in the dispute. No person objected to the Settlement Agreement. The Settlement Agreement and all of its terms are fully and finally approved as fair, reasonable, and adequate, and in the best interest of each of the parties and the Settlement Class. The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

      7.     **Class Action Fairness Act.** All notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.*, have been complied with and there have been no objections from any state or federal officials regarding the Settlement Agreement.

      8.     **Binding Effect.** The terms of the Settlement Agreement, this Final Approval Order, and the accompanying final judgment are binding on the Settlement Class members, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have res judicata and other preclusive effects in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits or other

proceedings involve matters that were or could have been raised in the Class Action and are encompassed by the Waiver and Release set forth in the Settlement Agreement.

9. Release. The Settlement Class members who did not exclude themselves from the settlement in the manner required by the Settlement Agreement and the Preliminary Approval Order shall be bound by the Waiver and Release provided in the Settlement Agreement, which is incorporated herein in all respects, regardless of whether such persons receive any compensation under the Settlement Agreement. The Waiver and Release is effective as of the date of this Final Approval Order and the accompanying final judgment.

10. Permanent Injunction. The Settlement Class members who did not exclude themselves from the settlement in the manner required by the Settlement Agreement and the Preliminary Approval Order are barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on claims included in the Settlement Agreement's Waiver and Release; and (ii) organizing or soliciting the participation of any Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any claim, lawsuit, or other proceeding based on claims included in the Settlement Agreement's Waiver and Release. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the Class Action and to protect and effectuate the Court's Final Approval Order and final judgment.

11. Enforcement of Settlement. Nothing in this Final Approval Order or the accompanying final judgment shall preclude any action to enforce the terms of the Settlement Agreement.

12. Attorneys' Fees and Expenses. Class Counsel are hereby awarded attorneys' fees of $225,000.00. Class Counsel are hereby awarded reimbursement of actual litigation costs in the amount of $10,054.35 plus $1,000 in travel expenses and other costs that will be incurred in addressing matters with the Settlement Class members and the Claims Administrator. Such fees and expenses are to be paid pursuant to the conditions set forth in the Settlement Agreement. Defendant shall not be required to pay for any other attorneys' fees and expenses, costs, or disbursements incurred by Class Counsel or any other counsel representing the Class Representative or Settlement Class members, or incurred by the Class Representative or Settlement Class members, or any of them, in connection with or related in any manner to the Class Action, the settlement of the Class Action, the administration of such settlement, and/or the claims settled in the Class Action.

13. Class Representative's Enhancement Payment. The Court finds that an enhancement payment to the Class Representative in the amount of $10,000.00, to be paid by Defendant for service and assistance to the Settlement Class in the Class Action, is reasonable and appropriate. The enhancement payment is to be paid pursuant to the conditions set forth in the Settlement Agreement.

14. Settlement Administration Costs. The Court finds that administrative costs of the third-party administrator in an amount of up to $20,000.00, to be paid by Defendant to the Claims Administrator, are reasonable and appropriate. Settlement administration costs are to be paid pursuant to the conditions set forth in the Settlement Agreement.

15. **Modification of Settlement Agreement.** The parties are hereby authorized, upon approval of the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are in writing and signed by the parties' counsel and are consistent with this Final Approval Order and do not limit the rights of Settlement Class members under the Settlement Agreement.

16. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Approval Order and the accompanying final judgment. This Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order and the accompanying final judgment, and for any other necessary purpose, including, without limitation:

   a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action in the Class Action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Approval Order or the final judgment;

   b) entering such additional orders as may be necessary or appropriate to protect or effectuate the Court's Final Approval Order and the final judgment approving the Settlement Agreement, and permanently enjoining Settlement Class members who did not exclude themselves from the settlement in the manner required by the Settlement Agreement and the Preliminary Approval Order from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and,

   c) entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction.

17. No Admissions. Neither this Final Approval Order and the accompanying final judgment nor the Settlement Agreement (nor any other document referred to here, nor any action taken to carry out this final approval order and the final judgment) is, may be construed as, or may be used as, an admission or concession: (a) by or against Defendant of the validity of any claim or any actual or potential fault, wrongdoing, or liability, or (b) by the Class Representative that the claims he has asserted in the Class Action lack merit. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed to be evidence of, an admission or concession as to Defendant's denials or defenses or an admission or concession as to the merits of Plaintiff's claims and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Approval Order and final judgment and the Settlement Agreement; provided, however, that this Final Approval Order, the accompanying final judgment, and the Settlement Agreement may be filed in any action against or by Defendant to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

**IT IS SO ORDERED.**

_8-11-2017_
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**